UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONTE ROLANDO HARRIS, 37473083
John Does, simularily situated
P.O. BOX 33 Terre Haute, IN 47808
Plaintiffs,

v.

CHARLES SAMUELS, Jr.,
MS. DUNBAR,
JOHN & JANE DOES
COUNTER TERRORISM UNIT
320 First StNW, Washington DC 20534
Defendants,

CASE NO.
5 USC § 702
28 USC § 1331
28 USC § 2201
42 USC § 1331
Re: BOP Defendants &
28 USC § 1332
42 USC § 1983 Bivins, and/or
other appropriate statutory

Case: 1:16-cv-01012 Jury Demand
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/27/2016
Description: Pro Se Gen. Civil (F Deck)

COMPLAINT

I. INTRODUCTION.

0. COMES NOW, I Donte Rolando Harris, appearing pro se before this Honorable court, holding in hand this complaint. Presenting thus under penalty of perjury pursuant to 28 USC § 1746.

II. JURISDICTION.

1. Pursuant to 5 USC § 702, this court shall have jurisdiction to provide judicial review of the matter before the court, regarding the Federal Question, does the BOP Policy Program Statement P5100.08, which is governed by 18 USC § 3621(b), permit, allow, or otherwise authorizes plaintiff(s) to be designated or otherwise transferred to, and be detained at, COMMUNICATIONS Management Unit CMU, via 324 Transfer Code, as a voluntary program participant? Per 28 USC § 1915A, the court shall review before docketing a complaint in a civil matter in which a prisoner seeks redress from a government entity. On review, the court shall assess cognizable claims or dismiss the complaint if determined to be frivolous, malicious, or falied to state a claim upon which relief may be granted. If P5100.08 does authorized 324 transfer code transfer designation to and placement/detention in the CMU, then this action must be dismissed as failing to state a claim, but if P5100.08 does not authorized plaintiff or any BOP prisoner to be transferred to the CMU, via 324 transfer code, this action must pass screening and judicially reviewed under 5 USC § 702, as a right of plaintiff, for judgment on this procedurual matter; 2. This courts jurisdiction to hear this action is found at(i) 28 USC § 1331 in re: did/do the defendants have the authority to effectuate transfer, thereafter detain plaintiff at/in



RECEIVED
MAY 09 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

the COMMUNICATIONS MANAGEMENT UNIT CMU, under P5100.08, via transfer code (TC) 324; (ii) 28 USC § 2201, in such an event that its determined by this court that defendants did NOT have the authority to transfer plaintiff to the CMU under P5100.08. via TC324, then plaintiff as a matter of right be granted a declaratory judgment declaring that fact; (iii) 42 USC § 1331, in such an event that the court determines that, defendants did not have the authority to transfer plaintiff to the CMU under P5100.08, via TC324, then defendants have clearly violated the Constitution of the United States, having stepped outside the scope of authority, and in doing so have damaged the plaintiff, with compensory and equitable relief owed; (iv) 28 USC § 1332 Diversity of Citizenship and/or 42 USC § 1983 or otherwise as applicable to the entity known as the COUNTER TERRORISM UNIT CTU and its DOE entities. The plaintiffs reserves the right to apply the correct statutory authority which applies to the mystery entity CTU if the above is insufficient.

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

3. In accord with the PLRA, the plaintiff have exhausted his tri-level administrative remedies in respects to the claims setforth herein, dispite the defendants ardent attempt of concealing all material facts that relates to the CTU. Plaintiffs Admin-Rem number is 850063-A1.

IV. PARTIES.

4. Plaintiff is a federal prisoner detained under FBOP custody pursuant to 18 USC § 4001, 4041, 4041, 4081, and may only be classified and designated or otherwise transferred, placed or detained under 18 USC § 3621(b), which regulates P5100.08. The plaintiff is currently located at P.O. Box 33 Terre Haute, IN 47808 CMU, and;

5. Defendant, Charles Samuels Jr., is the Director of the FBOP and is obligated to comply with policy P5100.08 which regulates all BOP TC324 transfers, The plaintiff is currently loctaed at 320 First St. NW Washington D.C. 20534, and ;

6. Defendant, Ms. Dumbar, is the Assistant Programs Director CPD, for the BOP and is obligated to comply with BOP policy P.5100.08 which regulates all BOP TC324 transfers of inmates to "Specialized Programs" for program participation, and to ensure that all transfers of BOP prisoners are within the regulatory authority established in P5100.08., and :

7. Defendants, Counter Terrorism Unit - CTU and its does, due to these defendants criminal refusal to comply with FOIA/PA and other relevant transparancy laws of the United States. Plaintiff is unable to specifically set forth details about who these defendants are, what they do and what statutory authority is applicable to suing this enigmatic entity, that has subjected plaintiff to unusual surveillance for over 5 years with no terminus in sight. Plaintiff assumes that 28 USC § 1332 maybe applicable due to CTU's alleged diversity with they're alleged headquaters said to be in West Virginia, or 42 USC § 1983; or otherwise; plaintiff seeks latitude from the court to amend this complaint to precise statutory authority applicable of suing these defendants once all of these clandestine mysteries are brought to light through discovery. Defendants, CTU and all Jane and John Does are sued in thier individual capacity and are sued at their contracting BOP address located at 320 First St NW, Washington D.C. 20534, where all tortious offenses setforth in this complaint took place.

All Defendant are hereby sued in their Individual Capacity.

## V. PROCEDURAL BACKGROUND

8. There exist with the FBOP policy that governs the transfers of all BOP inmates codified at P.5100.08, Inmate Security Designation and Classification, and;

9. Defendants et al, are limited to the permissive authorities detailed in P5100.08, which is statutorily bound by 18 USC § 3621(b), and;

10. For any BOP inmate to be transferred, under P5100.08, the transferring staff must execute a Request for Transfer/Application Management varible EMS 409 form, or the transfer can/will not be effectuated

by the Designation Sentencing & Computation Center (DSCC) admistrator in Grand Prairie Texas, and;

11. A 324 Transfer Code, per P5100.08, is a transfer code designed for a specialized program, for voluntary program participation, not involuntary program participation, where the inmate must voluntarily apply for such a programs identified therein. Not the unregulated CMU and its counterpart, the CTU, and;

12. Pursuant to P5100.08, when an inmate is redesignated/transferred to a specialized program under a TC324, the DSCC must apply a Management Varible (MGTV) under Code "N", which correspond to a specialized program participation, and;

13. Per P5100.08, which sets out guidelines for MGTV Code N, to wit: MGTV. Program Participation. Occasionally, inmates become involved in specialized programs which are only available on a limited basis, or at specific institutions; it might be appropriate to delay transfer pending completeion of the program. Likewise, an inmate's ability to participate in a unique program may require placement at an institution not commensurate with his or her security level. Accordingly, when an inmate's security level changes during participation in a special program not likely to be available in another appropriate facility, causing placement outside normal guidelines, this MGTV will apply, e.g. Code "N", and;

14. Per 5100.08, which sets out guidelines for Management Variables, to wit: A Management Variable MGTV's reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution. A MGTV is required when placement has been made and/or maintained at an institution level inconsistent with the inmates security score - a score which may not completely/accurately reflect his or her security needs.

VI. CLAIM ONE

PROCEDURAL DUE PROCESS, re P5100.08 ONLY

SEQUENCE OF EVENTS

15. On or about November 1, 2010, sending institution, United States Penitentiary Atwater USP-ATW, staff submitted a Memorandum to the BOP's North Central Regional Director, with the intent of referring the plaintiff to the so-called CMU/CTU, and;

16. On or about November 10, 2010, sending institution staff, submitted an Inmate Investigation Report, with all intent and purpose to/of subjecting the plaintiff to the CMU/CTU, and;

17. On or about November 18, 2010, North Central Regional Director, approved plaintiff's transfer to the so-called CMU/CTU under TC324, and;

18. On or about November 23, 2010, DSCC Admistrator and the North Central Regional Director approved a TC324 transfer of the plaintiff to the so-called CMU/CTU, and;

19. On or about December 20, 2010, the plaintiff was placed physically into the CMU, and the defendants knew or should have known that the TC324 did not apply to subjecting the plaintiff to an unregulated, proposed ruled program, e.g. first entitled as Limited Communication of Terrorist Inmates, and revised in 2010 as Communication Management Unit. In accord with P5100.08, the code 324 transfer, did not/does not codify neither the Limited Communication of Terrorist Inmates or the Communications Management Unit, to include but not limted to Counter Terrorist Unit. The only program that the TC324 is applicable to, is the Life Connection Program. However TC324 was deceptively employed against the plaintiff without the necessary MGTV Code "N", as mandated by P5100.08, to include but not limited to the excution of the EMS 409, due to the fact that the plaintiff was transferred to an alledged specialized program as evidenced by the defendants. The defendants deviated from the established procedures in a concerted successful effort of specifically subjecting the plaintiff to the warrantless, involuntarily 24/7 surveillance of the so-called CTU, by and through a direct causation of placement into the CMU, and;



http://www.bop.gov/policy/progstat/5100.008.pdf

20. Plaintiff, upon sound evidence of facts claims for remedy and relief due to (a) Procedural Due Process violation caused by the acts/ommissions, participation, and/or failure to provide plaintiff remedial relief when noticed of the violation of the defendants, who or should have known that BOP Policy P5100.08, the governing and only existing regulatory authority over all classifications, designations or otherwise transfers of BOP prisoners, does not permit, allow or otherwise authorized transfer code 324 Specialized Program participation transfer of plaintiff to the CMU. However, this is what the defendants have done, allowed, partook in, aided and abetted, and refused to remedy after plaintiff notification to them of such, which was the obligation of both defendants, Samuels and Ms. Dunbar, to whom all subordinent BOP staff has advised the plaintiff, that defendants hold sole authority in respects to his placement into the CMU, as defendant Dunbar, the CPD is the person who all transfers to specialized programs flow through for final or otherwise approval. And Samuels, who is the BOP director. and as such was certain by obligation to remedy plaintiffs unlawful placement into the CMU under P5100.08. via TC324 after plaintiff notified him of such. Samuels knew plaintiff was being unlawfully placed in the former deathrow unit, dba CMU when it was under Proposed Rule, based on the fact that Samuels approved/adopted the proposed rule on April 1. 2015. Thereby allowing plaintiff to suffer under proposed rules for over 5 years, when proposed rules carry no weight as legal authority, and;

21. Defendants CTU. and its Does, whomever they are, is liable for creating a false and fraudulent BOP TC324 form basically to inpersonate the official EMS 409 form to make it appear that the transfer was legitimate and official, which it was not. The plaintiff do not know who the CTU is, and defendants, CMU/FCI staff has not only refuse to tell plaintiff, but will not cooperate in any form regarding the authority CTU now welds, whether its FIOA/Pa request or otherwise, plaintiff is not permitted to contact the entity who has been in data collection on the plaintiff for over 5 years directly, and plaintiff is at relevant times threatened by certain CMU staff, that plaintiff will not be released from the CMU if plaintiff continues with his instanti filing in re the CTU, to include, discourged

from executing any administrative remedies with CTU's name in the text. Plaintiff reserves the rights to amend this complaint as it relates to CTU, once who, what, where the CTU are brought into the light through discovery, or other order from the court, because its impossible to make an accurate claim on an apparition, yet the apparition (CTU) is now named in the new 10 years late purported Prog Stat P5214.02. So the CTU at some level thereof must exist, that allowed someone at CTU to execute the fraudulent TC324 sans no EMS-409 and its corresponding MGTV/MVED code "N" to transfer the plaintiff into the CMU only to subject him to the perils of the CTU. Samuels and Dunbar interacted with this entity to perpetuate the events that have transpired to the detriment of the plaintiff. Discovery will be necessary, because neither Samuels or Dunbar and otherwise, will not answer the first question about the CTU without such an order from the court.

22. The plaintiff shall make it clear to this court so there will be no construing. The plaintiff is not making his substantive claim. yet however will. set out several important issue that must be addressed: (i) that the defendants has never afforded the plaintiff any procedural due process ab intio; as a result of this prevention, the plaintiff has been relieved of all important rehabilitative goals and other qualified liberty interest, that were snatched without any administrative process afforded in any manner and has been supressed for over 5 years, unparalled to any penal system in the United States for which the Public is aware of. The above substantive claims are reserved untill the procedural claim are determined first, and for that reason, the plaintiff request leave of court to either stay his substantive claim, because if P5100.08 does authorized defendants to transfer plaintiff to the CMU. via TC324 then any substantive claims for relief will be moot, or in the alternative, the opportunity to amend the complaint at a future date pending claim one's determination, which would save the tax payer's money. and the court unnecessary review of potentially moot issues. Due to the damages suffered by plaintiff, stemming from the procedural violations of defendants Dunbar, Samuels, CTU, et al., plaintiff is entitled to equitable, compensory and any and all other relief lawfully available for the plaintiff's unlawful detention in the CMU, thereby subjected to the CTU. This court is the only venue of relief for the plaintiff, as all other internal attempts for

relief has been strangely blocked/denied, and the plaintiff have encountered actual threats for exercising his right to redress.

VII. DISCLAIMER

23. The plaintiff is not in any way challenging the BOP's authority to/ in of transferring the plaintiff. This is an opposition to the defendants for deviating from P5100.08, the only transferring authority known to the plaintiff, and; as this is a procedural claim, not a substantuve one;

24. The plaintiff is not convicted of terrorism, international or domestic, to include but not limited to associated therewith in any form whatsoever. irrespective to the CTU's current surrveillance of the plaintiff, curiously for the pass (5) years without a terminus in sight. (Emphisis Added).

RELIEF IS NECESSARY

WHEREFORE, the foregoing plaintiff respectfully request the following relief from this Honorable Court, under said Statutory Authorities:

1) 28 USC § 1331 - An order or judgment in favor of plaintiff or defendants answering the Federal Question Does BOP Policy P5100.08 authorized defendants to transfer plaintiff to a CMU/CTU under a TC324. and; once judicial review concludes, in re 5 USC § 702;

2) 28 USC § 2201 - If the answer to the Federal Question favors plaintiffs, then plaintiff respectfully request from the court a Declaration. stating that BOP Policy 5100.08 did not authorized defendants to transfer plaintiff to a CMU/CTU, and no regulatory authority exist that authorized such, and;

3) 42 USC § 1331 - Upon the above determination and declaration if favoring plaintiff, he respectfully request from the court or otherwise from the jury: (i) damages to begin with from each defendant, $1,500.00 per day for every day plaintiff was/is detained unlawfully in the CMU/CTU; (ii) equitable relief in the form of Five (5) Good Conduct Time (GCT) days credited

towards the existing (obligation) sentence that the plaintiff is serving for every one (1) day plaintiff was/is unlawfully detained in the CMU/CTU; (iii) Punitive damages of $500.00 from each defendant, for every day that the plaintiff was/is unlawfully detained in the CMU/CTU. The plaintiff is advising this court of the fact that the plaintiff was detained under unusual conditions for over 5 years prior to any approval of any federal regulation conceptualizing the CMU, and have seen no prior regulations for the CTU. The plaintiff compensory damages in toto are: $8,752,500.00 and Punitive damages in toto are: $2,917,500.00. At a grand total sum of, $11,670,000.00, and $100,000,000.00 from each defendant for fraudulent conveyance, under color of authority to subject plaintiff(s) to the CTU.

4) And all relief that the court deem favorable to the plaintiff as necessary.

CONCLUSION

The plaintiff have stated the above facts under Penalty of Perjury, in accord with 28 USC § 1746 et seq and such facts are true. correct and complete

PREPARED THIS 3Rd day of MAY 2016C E

Respectfully Submitted

by Dante R. Hann
Plaintiff.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** DONTE R. HARRIS 37473083
P.O. Box 33 Terre Haute, IN 47808

**DEFENDANTS** MS DUNBAR
CHARLES SAMUELS JR,
COUNTER TERRORISM UNIT & JOHN/JANE DOES

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- XX ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party

RECEIVED
Mail Room
APR 14 2016
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

X ☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331, 28 USC 2201, 42 USC 1331 5 USC 702
Brief description of cause:
Question sought, if PS5100.08 auth/324 code transfer to CMU

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $311,670,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: XX ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

**DATE** **SIGNATURE OF ATTORNEY OF RECORD**

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

STATE OF INDIANA )
) ss CERTIFICATION OF DONTE R. HARRIS
COUNTY OF VIGO )

I, Donte Rolando Harris, hereinafter affiant, state the following facts which comprises damages done to affiant under penalty of perjury in accord with 28 USC § 1746. I affirm as duly constituted, true, correct and complete. I asservate the facts to wit:

1. That, there exist evidence that the affiant was subjected to the so-called CMU on December 20, 2010, while said CMU was operating under proposed rules;

2. That, there exist evidence that the defendants unlawfully employed the transfer code 324 as a means to transfer the affiant from Atwater California to Terre Haute, Indiana, location of the CMU, thereby allowing CTU to self-execute against the affiant;

3. That, there exist evidence that the defendants deviated from assigning the requisite MGTV/MVED Code "N", that must accompany a TC324 transfer of an inmate to a specialized program;

4. That in accord with P5100.08, whereby the 324 code is identified, does not confer any cognizable authority for the defendants to utilize such a transfer code, to transfer the affiant to a CMU, which renders affiant subject to the CTU;

5. That, in accord with P5100.08, none of the transfer codes, 276 to 339 codify any nexus to the CMU/CTU. However the TC324, identifies the voluntary in nature program, Life Connections Program (LCP);

6. That, in concerted effort by the defendants to subject the affiant to the constraints of the CTU, constructed and induced the DSCC to approve the TC324, thereby redesignating the affiant to a proposed

regulated rule, hereinafter CMU, when such a code explicitly does not authorize the defendants to transfer affaint to a "place" that do not exist within P5100.08, purporting to comply with said program statement;

7. That pursuant to the entirety of P5100.08, there exist no language therein that endorse the nature of the CMU or CTU in any form. Dispite that handicap, an unauthorized transfer code was entered into the Executive record that has caused a multi-year adverse effect on the affiant and his "stake" of liberty;

8. That the CTU has/is currently relying on the affiants "course of past conduct", "current offense of conviction". These elements are used as justification to continue detainment of the affiant within the CMU. Naturally its impossible for this justification to change in any fashion, so any claim by the defendants that affiant received bi-annual due process, is moot because the rationale is meaningless;

9. That the affiant has been detained under Administrative Detention, hereinafter punitive condition for 65 months without any measure of procedural due process. Wherein the fraudulent transfer executed under the pretence that the affiant willingly volunteered to participate in Proposed Rule Program. As direct and proximate result of this action, has worked serious alterations in the affiants conditions of confinement, because such designation and final detainment within the CMU/CTU hindered and precluded eligibility for important rehabilitive regulated programs that are available to prisoner that are not subjected thereto;

CONCLUSION

This affidavit is in direct support of the affiant Complaint. The points stated above is eligible for rebuttal with countervailing points that disprove the affiants facts 1 through 9. The affiant has yet to be accuse of any particular improprieties, which would justifies the treatment that he has endured. The facts stated are recorded and will be used as evidence, rather if affiant is released from the CMU/CTU or not.

CERTIFICATION.

The fact remains, that a TC324 was executed when such a code did not apply, yet was employed to place the affiant in a "Place" thats outfitted with surveillance apparatus, under the guise of an official U.S. Gov't entity, e.g. COUNTER TERRORISM UNIT - CTU. Yet, the active employment of the TC324 against the affiant, subjected him to this entity for over 5 years, thereby violating every Civil right held by the affiant, as he has seen no document that indicates relinquishing any RIGHT. Irrespective to the defendants claim, the affiant presents fact and claim damages from each defendant for each day affiant supressed liberties.

I prepared this affidavit under penalty of perjury in accord with 28 USC § 1746, as the above statements are correct, complete and not misleading in any way.

Done this 3Rd day of MAY 2016 C.E.

Respectfully Submitted

By [signature]



CERTIFICATION.